**Charles Boston JONES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 95–4096.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1996.

Decided Oct. 7, 1996.

---

Jeff S. Allder, El Paso, TX, for appellant.

Edward J. Rogers, St. Louis, MO, for appellee.

Before BOWMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

In 1991, Appellant Charles Boston Jones was convicted of delivering and conspiring to deliver marijuana. Prior to that conviction, Jones' tractor trailer was administratively forfeited by the Drug Enforcement Administration because he used it in the commission of the acts upon which his criminal charges were based.

Jones' conviction was affirmed on direct appeal, *United States v. Alexander,* 982 F.2d 262 (8th Cir.1992), but the issue of sentencing was remanded. On April 9, 1993, the District Court sentenced Jones to the same sentence he originally had received.

On May 2, 1995, Jones filed a 28 U.S.C. § 2255 habeas petition to vacate his sentence. He claimed his trial and conviction on the marijuana charges resulted in double jeopardy because he had already been punished for his crime by the administrative forfeiture of his trailer. The District Court denied Jones' petition without a hearing and Jones appealed.

Jones' argument is precluded by the decision of the Supreme Court in *United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996), holding that in rem civil forfeitures are neither punishment nor criminal for purposes of the double jeopardy clause. Thus, the double jeopardy clause does not apply to the criminal correction.

We affirm.